UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID MARTIN VELARDE, SR., et al., | Case No. 2:18-CV-1389 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SMITH'S FOOD & DRUG CENTERS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs David Velarde and Cynthia Velarde's (collectively "plaintiffs") motion to remand. (ECF No. 6). Defendants Smith's Food Drug Centers, Inc. ("Smith's") filed a response. (ECF No. 7). Plaintiffs did not file a reply and the time to do so has passed.

**I.  Facts**

Plaintiffs allege that while David Velarde was shopping at a Smith's Supermarket, a Smith's employee ran over his right foot with a meat cart and caused various injuries. (ECF No. 1-2). On January 22, 2018, plaintiffs initiated this action in state court, alleging three causes of action: (1) negligence, (2) premise liability, and (3) strict products liability. *Id*. On July 27, 2018, Smith's removed this action to federal court. (ECF No. 1). Now, plaintiffs move to remand to state court. (ECF No. 6).

**II.  Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

**James C. Mahan**
**U.S. District Judge**

by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988)).

On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III. Discussion**

In the instant motion, plaintiffs argue that the court lacks subject matter jurisdiction over this action because the complaint names fictitious defendants that reside in Nevada. (ECF No. 6). Smith's argues that courts do not consider the citizenship of fictitious defendants when determining whether a civil action is removable. (ECF No. 7).

Plaintiffs' claims arise under state law. (ECF No. 1-2). Thus, the court's sole basis for subject matter jurisdiction is diversity of jurisdiction. *See id*. A federal district court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and that the action is between "citizens of different states."

**James C. Mahan**
**U.S. District Judge**

- 2 -

As a general rule, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). However, the Ninth Circuit has not conclusively addressed the appropriate treatment of fictitious defendants that a plaintiff has described with sufficient particularity to provide a clue as to their actual identity. *See Sandoval v. Republic Services, Inc.*, No. 2:18-cv-01224-ODW(KSx), 2018 WL 1989528 at *3 (C.D. Cal. April 24, 2018) (recognizing the Ninth Circuit's lack of resolution on this issue).

Numerous courts have recognized that "'when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court should consider the citizenship of the fictitious defendant.'" *Collins v. Garfield Beach CVS, LLC*, No. CV 17–3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. 2017) (quoting *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995); *see, e.g.*, *Sandoval*, 2018 WL 1989528 at *3 (". . . it is unfair to force plaintiffs from their state court forum into federal court by allowing a defendant to plead ignorance about the defendant-employee's identity and citizenship when a corporate defendant is in a position to know that information.") (brackets and citation omitted).

In their state court complaint, Plaintiffs provide identifying allegations for two fictitious defendants: Richard Doe and Derek Doe (Hereinafter "Richard" and "Derek"). (ECF No. 1-2). Plaintiffs allege that Richard was the Smith's employee that rolled a meat cart over David Velarde's right foot. *Id*. Plaintiffs further allege that Derek was Richard's supervisor. *Id*. These allegations are sufficient to require the court to consider Richard and Derek's citizenship for jurisdiction purposes. *See, e.g., Musial v. PTC All. Corp.*, No. 5:08 CV–45R, 2008 WL 2553900, at *4 (W.D. Ky. June 25, 2008) (finding the description of a Doe defendant as the person "who loaded the pipe" causing plaintiff's injuries sufficient); *see also, e.g., Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150, 1151 (M.D. Ala. 1995) (finding the description of an "engineer, who was operating the train at the time" sufficiently particular).

Smith's has failed to bring forth evidence showing that Richard and Derek are domiciled in foreign states in accordance with § 1332(a)(1). Therefore, the court will hold that removal was

**James C. Mahan**
**U.S. District Judge**

improper. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d at 403–04 (holding that defendants bears the burden to show that removal is proper).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

DATED November 27, 2018.

_____
UNITED STATES DISTRICT JUDGE